**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:08-cv-02359-WYD-KMT

TUFF SHED, INC.

       Plaintiff,

v.

UNITED HEALTHCARE INSURANCE COMPANY, a Connecticut corporation,

       Defendant.

---

## PROTECTIVE ORDER

---

       Upon consideration of the parties' stipulated motion for the entry of a protective order to protect the discovery and dissemination of certain information and documents to be disclosed by the parties, which one or more of the parties claims constitutes confidential business information and/or confidential business, personal or medical information, and it appearing to the Court that good cause exists to support the issuance of a Protective Order,

       IT IS ORDERED that:

       1.     Any party who, in the above-captioned lawsuit (the "Lawsuit"), produces or discloses any document, thing or information in any form (which shall be referred to singularly or collectively as "discovery materials") may designate such discovery materials as "CONFIDENTIAL" when, in the good faith judgment of the party making the disclosure, they contain confidential medical information (including confidential health information as defined under 45 C.F.R. Part 160), competitively sensitive information, confidential business information or other private personal identifying or financial information, the disclosure of which would be detrimental to that party or to persons to whom the party owes a duty of confidentiality. "Discovery materials" includes the information both as originally produced and in any other form, including copies, notes and summaries of such information.

       2.     Any information designated by a party as CONFIDENTIAL must first be reviewed by a lawyer who will certify that the designation as CONFIDENTIAL is based on a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c).

       3.     The designation of discovery materials as "CONFIDENTIAL" may be effected by visibly marking it "CONFIDENTIAL." To the extent that it would be impractical to visibly mark discovery materials as "CONFIDENTIAL" (*e.g.*, when producing materials in electronic form), discovery materials may also be so designated in contemporaneous correspondence. The inadvertent disclosure in connection with this Lawsuit of one or more documents that the

producing party believes to contain or reflect confidential, proprietary or personal and private information shall not constitute a waiver with respect to such discovery materials.  In the event of such an inadvertent disclosure of confidential discovery materials, the producing party at any time may provide notice to the other parties directing that all copies of such inadvertently disclosed materials be treated as such, consistent with the terms of this Protective Order.  It shall not be a violation of this Protective Order if inadvertently disclosed "CONFIDENTIAL" discovery materials have been disseminated to third parties prior to receiving notice of inadvertent disclosure from the producing party.  A party may move, pursuant to paragraph 9, on reasonable notice, and on grounds other than the inadvertent production of such documents, for an order challenging the designation of such documents as "CONFIDENTIAL."

    4.    No discovery materials marked or designated as "CONFIDENTIAL" may be used by any recipient of such information, or disclosed to anyone, for any purpose other than in connection with this Lawsuit.  No discovery materials that have been designated as "CONFIDENTIAL" may be disclosed by the recipient of such information to anyone other than those persons designated below in paragraph 4.

    5.    Discovery materials designated as "CONFIDENTIAL" may be disclosed to: (a) any of the parties to this Lawsuit and their agents and employees involved with this Lawsuit; (b) counsel for any of the parties and their firms' partners, directors, shareholders, associates, paralegals, clerical staff and secretaries who are engaged in assisting such counsel with respect to this Lawsuit; (c) experts retained by a party or counsel and any such expert's employees, assistants, clerical staff and secretaries who are engaged in assisting such expert with respect to this Lawsuit; (d) any person designated on the face of the material to have authored or received the materials; and (e) the Court, its officers and its employees, court reporters, including reporters retained by a party for a deposition.

    6.    No expert authorized under paragraph 4(c) of this Protective Order to receive access to "CONFIDENTIAL" discovery materials shall be granted such access until such person has received a copy of this Protective Order and agrees in writing to be bound by it by signing a copy of the agreement attached as Exhibit A to this Protective Order.  The original of each such written agreement shall be maintained by counsel for the party that seeks to disclose "CONFIDENTIAL" discovery materials to an expert designated in paragraph 4(c).

    7.    Each recipient of "CONFIDENTIAL" discovery materials shall not make any copies of or notes concerning such information for any purpose whatsoever, except in connection with this Lawsuit and solely for the purposes of this Lawsuit.

    8.    This Protective Order does not prohibit a party from divulging the contents of its own discovery materials that it has designated "CONFIDENTIAL" to non-parties to this Agreement, unless such materials have been designated as "CONFIDENTIAL" by another party to this Agreement.  Nor does this Protective Order prohibit an individual from divulging the contents of discovery materials designated as "CONFIDENTIAL" that have been otherwise independently obtained from a public or non-confidential source or sources.

9. Before filing any "CONFIDENTIAL" discovery materials with the court for any purpose, the party seeking to file such materials shall first redact "CONFIDENTIAL" information including, but not limited to, confidential medical information, competitively sensitive information, confidential business or financial information, or other private personal identifying information, such as a medical patient's last name, date of birth, social security number, and address. The party seeking to file "CONFIDENTIAL" materials shall confer with the other party regarding the specific redactions before filing any such materials. If the parties cannot agree on the proposed redactions after conferral, the "CONFIDENTIAL" materials shall be filed under seal in conformance with D.C.COLO.LCivR 7.3.

10. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion . If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11. Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any "CONFIDENTIAL" discovery materials, and shall be responsible for taking reasonable steps to ensure that each of his or her firm's attorneys, employees, partners, directors, associates, paralegal assistants, clerical staff and secretaries who are assisting in this Lawsuit and the proposed recipients of discovery materials are informed of the terms of this Protective Order and their obligations under it.

12. This Protective Order shall not be deemed or construed as a waiver of any right to object to the furnishing of information in response to any discovery request. Nor shall this Protective Order be deemed or construed as a waiver of the attorney/client, work product, or any other privilege, or of the rights of any party, person or entity to oppose the production of any documents or information on any grounds. Further, nothing in this Protective Order shall be construed to limit, restrict or otherwise affect the ability of any party to seek the production of documents, testimony or information from any source.

13. Neither this Protective Order nor a party's designation of particular discovery materials as "CONFIDENTIAL" shall be deemed or construed in any way to affect or to establish the authenticity or admissibility or to waive any right to object to the authenticity or admissibility at trial of any discovery materials covered by this Protective Order.

14.     If a party inadvertently produces information subject to any privilege, the recipient, upon notice from the producing party of the production and privilege, shall promptly return or destroy all such information, including all copies thereof and all documents incorporating or referring to such information or apply to the Court for guidance regarding the disclosure.

15.     Within 75 days after final termination of this Lawsuit, including all appeals, any recipient of "CONFIDENTIAL" discovery materials under paragraph 4(a) – (d) of this Protective Order shall use its best efforts to deliver all such materials, including all copies thereof and all documents incorporating or referring to such materials except as provided below, to counsel for the party that disclosed the materials to the recipient, unless the parties otherwise agree in writing. As an alternative, within the same 75-day period, such a recipient may use its best efforts to ensure that all documents containing "CONFIDENTIAL" discovery materials are destroyed and such destruction confirmed in correspondence to counsel for the disclosing person.  A party and its counsel of record need not destroy or return "CONFIDENTIAL" discovery materials incorporated in documents filed with the court, or claims file documents which incorporate or refer to "CONFIDENTIAL" discovery information. Counsel of record need not destroy or return "CONFIDENTIAL" discovery materials incorporated in work product retained solely by counsel.

16.     This Protective Order shall remain in full force and effect unless modified by an order of the Court or by the written stipulation of all parties hereto filed with the Court.  Without limiting the generality of the foregoing, this Protective Order shall survive or remain in full force and effect after the termination of this Lawsuit.  Nothing in this Protective Order shall limit or preclude any party from applying to the Court for relief from this Protective Order, or for such further or additional protective orders as the Court may deem appropriate.

17.     If any person receiving documents covered by this Order (the "Receiving Party") is served with a subpoena, request for production of documents, or other similar legal process in another proceeding seeking "CONFIDENTIAL" discovery materials, the Receiving Party shall give prompt written notice, by facsimile transmission of such subpoena, request for production, or other legal process, to the undersigned counsel for the party producing the "CONFIDENTIAL" discovery materials.  To the extent that applicable law allows, the Receiving Party shall not produce any of the producing party's "CONFIDENTIAL" discovery materials without first providing reasonable notice to counsel for the party producing the materials and allowing such party to take any action it deems necessary.  The producing party shall be solely responsible for asserting any objection to the requested production.  The Receiving Party shall provide a copy of this Order to any third-party requesting production of "CONFIDENTIAL" discovery materials.  Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Order to challenge or appeal any order requiring production of "CONFIDENTIAL" discovery materials covered by this Order, nor as requiring that such Party subject itself to penalties for non-compliance with any lawful order or process.

18. The parties agree to be bound by the terms of this Protective Order pending its entry by the Court, and any violation of its terms shall be subject to the same sanctions and penalties, as if this Protective Order had been entered as an order by the Court.

SO ORDERED this 12th day of March, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge

APPROVED:

ROTHGERBER JOHNSON & LYONS LLP	HOGAN & HARTSON LLP

*s/Brian J. Spano*
Brian J. Spano, Esq.
Hilary D. Wells, Esq.
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO 80202
Tel: (303) 623-9000
Fax: (303) 623-9222
e-mail: hwells@rothgerber.com

*s/ Annie T. Kao*
Robert C. Troyer, Esq.
Annie T. Kao, Esq.
One Tabor Center, Suite 1500
1200 Seventeenth Street
Denver, CO 80202
Tel: (303) 899-7300
Fax: (303) 899-7333
e-mail: rctroyer@hhlaw.com;
atkao@hhlaw.com